SOUTHWICK, P. J.,
for the Court:
¶ 1. James Lawson, an inmate housed at the Parchman State Penitentiary, filed suit for damages under 42 U.S.C. § 1983. He alleged a conspiracy and discrimination by the State in general and by many of its branches and agencies of government. The circuit court dismissed the complaint for failure to state a claim upon which relief could be granted. We agree and affirm.
FACTS
¶ 2. In November 1998, James Lawson, an inmate with the Mississippi Department of Corrections, filed a 42 U.S.C. § 1983 complaint. His pro se, in forma pauperis complaint named the State of Mississippi, its legislative and judicial branches, local government, the Mississippi State Bar Association, the Mississippi Department of Corrections, the Hinds County Sheriffs Department, Hinds County Board of Su *984 pervisors, and the Jackson City Council as defendants.
¶ 3. Lawson’s complaint made no allegations as to how he personally had been injured by the conduct that he claims occurred. Instead, he made broad accusations that each of the defendants either actively discriminate against minorities or are involved in a conspiracy against minorities. He alleged that the judicial system exploits minorities and that sentences given to minority defendants are disproportionate to those given others. He charged that the sheriffs department conspired with the judicial system in targeting minorities. He also alleged that the Mississippi Bar Association participates in the conspiracy by appointing ineffective counsel to defend minorities. Finally, he alleges that the Department of Corrections discriminates against minorities because the state prison at Parchman is inadequate to reform and train its minority inmates.
¶ 4. Lawson’s complaint sought compensatory and punitive damages totaling over twenty million dollars, as well as injunctive relief in the form of a release from prison, the abolishment of excessive bail and punishments for minorities, and fair representation for all minorities in the courts.
¶ 5. The only defendant to file an answer to the complaint was the Mississippi Department of Corrections. The State and the sheriffs department filed motions to dismiss. By order dated March 3, 2000, the circuit court granted the motion to dismiss pursuant to rule 12(b)(6) of the Mississippi Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.
DISCUSSION
¶ 6. Lawson argues that the granting of the Rule 12(b)(6) motion without first giving him an opportunity to present evidence in support of his claims violated his constitutional right to due process of the law and equal protection. Of course, it is precisely in order to test the legal sufficiency of a complaint that this procedural rule exists.
¶ 7. The statute under which Lawson sued makes liable “[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.... ” 42 U.S.C. § 1983 (1994).
¶ 8. In order to bring a section 1983 claim plaintiffs must be able to show that they have been deprived of some constitutional right by a person acting under color of staté law. Conn v. Gabbert, 626 U.S. 286, 290, 119 S.Ct. 1292, 143 L.Ed.2d 399 (1999); Barrett v. Miller, 599 So.2d 559, 563 (Miss.1992). Lawson’s complaint makes broad accusations of conspiracy and discrimination against the State and several of its agencies. States and state agencies are not “persons” for the purposes of section 1983, and cannot be subjected to liability. Wright v. White, 693 So.2d 898, 904 (Miss.1997), citing Will v. Michigan Dep’t of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).
¶ 9. Lawson does not describe in any way how a named defendant deprived him of his rights, privileges, or immunities secured by the Constitution or laws of the United States. He does not allege any action taken against him by any of the defendants that led to a supposed injury. The dismissal for failure to state a claim, as opposed to stating an opinion, was justified.
¶10. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO HINDS COUNTY.
*985 McMILLIN, C.J., KING, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., CONCUR.